IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-cr-30086-SMY ) |
| GREGORY FOREST, | ) ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Pending before the Court are motions filed by Defendant Gregory Forest requesting that the Court run his federal sentence concurrent with his state sentence (Docs. 105 and 106). For the following reasons, the motions are **DENIED**.

Forest was indicted on May 19, 2015 for bank robbery in violation of 18 U.S.C. § 2113(a). He pled guilty to the Indictment and on August 17, 2016, was sentenced to a 188-month term of imprisonment to be followed by 3 years of supervised release (Doc. 74). Forest asserts that he was subsequently sentenced in Missouri state court to 204 months imprisonment to run concurrently with his federal sentence. He seeks clarification regarding whether his federal sentence should be concurrent or consecutive to the state sentence.

The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the Bureau of Prisons ("BOP"). *United States v. Wilson*, 503 U.S. 329, 334-336 (1992). The BOP can affect concurrency of a federal sentence and state sentence while the prisoner is in state custody or through a *nunc pro tunc* designation once the prisoner enters federal custody.

*See Setser v. United States*, 132 S. Ct. 1463, n.1 (2012). A prisoner who believes the BOP has erred in its calculation of his federal sentence can challenge the execution of his sentence by bringing a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Scott*, 775 F. App'x 252, 253 (7th Cir. 2019); *see also Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000). A petition filed pursuant to § 2241 must name the prisoner's custodian as respondent and must be filed in the district of custody. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

Based on the information contained in Forest's motions, it appears that he is confined at South East Correctional Center in Charleston, Missouri. As such, he should file an appropriate request with the BOP and, if that fails, is free to seek relief under § 2241 in the United States District Court for the Eastern District of Missouri.

**IT IS SO ORDERED.**

**DATE: January 9, 2020**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**